IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HUNG DUONG NGUON,

    Petitioner,                   No. 2:11-cv-0175 KJN P

    vs.

TIM V. VIRGA,

    Respondent.                 ORDER

_____/

        Petitioner, a state prisoner proceeding without counsel, has filed, on a form utilized for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, what appears may be intended as a civil rights action pursuant to 42 U.S.C. § 1983, together with an incomplete application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  For the reasons that follow, petitioner will be granted leave to file an amended pleading, together with a completed application to proceed in forma pauperis.

        The certificate portion of petitioner's request to proceed in forma pauperis, which must be completed by an officer at petitioner's place of incarceration, has not been completed. Similarly, petitioner has not filed a certified copy of his prison trust account statement, as required by 28 U.S.C. § 1915(a)(2).  Petitioner will therefore be provided the opportunity to submit a completed in forma pauperis application and a certified copy of his prison trust account

statement in support of his application.

Additionally, on a form intended for filing a petition for writ of habeas corpus, petitioner alleges deliberate indifference to his medical needs (skin and vision problems, and chest pain), allegedly constituting cruel and unusual punishment. (Dkt. No. 1, at 2, 4-5.) Petitioner alleges that the failure of medical personnel at California Medical Facility (CMF) have put petitioner at a "high risk of dying" while imprisoned, thus transforming his prison sentence into a "'death penalty' without . . . Due Process of Law." (Id. at 5.)

Amendment of the pleading is necessary. While it appears that petitioner's principal claim is the denial of his civil rights under the Eighth Amendment (the fact that petitioner is now incarcerated at California State Prison-Sacramento, and challenges conduct that allegedly occurred at CMF, supports this construction), petitioner has repeatedly -- and improperly -- sought to assert civil rights claims in this court pursuant to petitions for writs of habeas corpus. Petitioner has filed more than thirty cases in this court, generally pursuant to a petition for writ of habeas corpus. Not only does this number indicate that petitioner is a more sophisticated litigant than appears from the instant petition, but that he may purposefully be seeking to avoid the $350.00 filing fee required in civil rights actions, by stating his claims in a habeas corpus petition, which requires only a $5.00 filing fee. Petitioner is informed that, pursuant to 28 U.S.C. § 1915(g), if the court finds that at least of three of his civil rights cases (however entitled) have been dismissed as frivolous, malicious, or for failing to state a claim, petitioner may be required to pay the full filing fee in order to pursue any further civil rights action.

A petition for writ of habeas corpus is intended to challenge the fact or duration of a prisoner's confinement, 28 U.S.C. § 2254, while a civil rights actions challenges a condition of confinement, 42 U.S.C. § 1983. The exhaustion requirements are different as to each -- a federal habeas claim must first be exhausted in the state courts, Rose v. Lundy, 455 U.S. 509 (1982), while a civil rights claim must first be exhausted through the institution's administrative appeal

system, 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 741 (2001).  Any new pleading filed in this action will be scrutinized pursuant to these considerations, as well as the "three strikes" preclusion of 28 U.S.C. § 1915(g).

Therefore, IT IS HEREBY ORDERED that:

1. Within thirty days after the filing date of this order, petitioner shall submit the following documents to the court:

    a. A completed Application to Proceed In Forma Pauperis By a Prisoner, including a certified copy of petitioner's prison trust account statement for the six month period immediately preceding the filing of the complaint; and

    b. A new pleading, demonstrating whether petitioner is pursuing a civil rights action or a writ of habeas corpus (petitioner shall complete and file only one of the pleading forms provided by the Clerk of Court herewith).

2. The Clerk of the Court is directed to send petitioner the following forms:

    a. An Application to Proceed In Forma Pauperis By a Prisoner;

    b. Form for filing a Civil Rights Complaint pursuant to 42 U.S.C. § 1983; and

    c. Form for filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

3. Should petitioner fail to timely comply with this order, this action will be dismissed without prejudice.

SO ORDERED.

DATED: February 17, 2011

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

nguo0175.scrn.